WASSERMAN *v.* LOUISVILLE & N. R. Co. and others.[1]

*(Circuit Court, E. D. Louisiana.* June 10, 1886.)

MALICIOUS PROSECUTION—ABSENCE OF PROBABLE CAUSE.

> In order to succeed in an action for damages for malicious prosecution, it is necessary that there should have been absence of probable cause on the part of the defendants.

On Motion for New Trial.

*John D. Rouse, Wm. Grant, J. Dufilho,* and *A. J. Murphy,* for plaintiff.

*Henry I. Leovy, Geo. J. Leovy, J. P. Blair, T. L. Bayne, Geo. Denegre, Girault Farrar, E. L. Simonds, J. H. Kennard, W. W. Howe, S. S. Prentiss, E. H. Farrar,* and *E. B. Kruttschnitt,* for defendants.

BILLINGS, J.   The case is before me on a motion for a new trial. The trial was before a jury, and resulted in a verdict for the plaintiff for $5,000.   The defendants, comprising four of the railroads terminating in the city of New Orleans, were sued by the plaintiff for damages arising from what is averred to be a malicious prosecution. I think the verdict must be set aside, and a new trial granted.   The plaintiff connected the defendants with the prosecution, but he altogether failed to show the absence of probable cause for the prosecution.

The defendants, during the recent exposition, in their efforts to discover and prevent the abuse of the round-trip ticket system, whereby the tickets were sold to particular individuals, and were not transferable, through an officer (Gaster) laid before the district attorney of the parish of Orleans the facts relative to an affair springing out of the attempt to use one of these personal tickets by an individual other than the one named in the ticket.   The district attorney is charged by law, and by the practice in the courts of this state, with prosecuting, by information, all offenders, without affidavit.   It thus becomes his duty to receive, and the duty of all good citizens to give, in good faith, information with reference to supposed crimes. Upon learning the facts of the affair of the sale of the ticket with which the plaintiff was connected, the district attorney filed an information for forgery, which he afterwards abandoned, on the ground

---

[1] Reported by Joseph P. Horner, Esq., of the New Orleans bar.

that the statute of the state did not include forgery of railroad tickets. He filed the first information upon a statement of facts by Gaster, who undoubtedly derived them from the defendants. But there was not a hint in the evidence that the facts were not stated by the defendants to Gaster, and by Gaster to the district attorney, in good faith, and truthfully. Upon abandoning the first prosecution, the district attorney, so far as the evidence discloses, upon his own motion, and without any suggestion from the defendants, filed a second information against the plaintiff, charging him with cheating the purchaser of a ticket. The plaintiff was acquitted before a jury, because it appeared that the purchaser was cognizant of all the facts; therefore was not imposed upon, but knew, from the beginning, that the ticket was not transferable.

As to the first information, the facts were truly stated by Gaster, the officer of the city police, and if such facts were communicated by the defendants, it would make no difference, as the facts were shown to have been truly and fairly stated. If there was any error, it was upon the question of law whether or not forgery of a name on a railroad ticket was or was not forgery under the law of Louisiana. If there was an error of law on the part of the district attorney, the defendants could not be held responsible. The district attorney, who was examined as a witness, exhibited the fact that he was conscientiously active in the discharge of his high official and public duties throughout the whole prosecution, and impressed the court as possessing ability and scrupulous fidelity. There was no erroneous statement of facts; indeed, no statement at all on the part of the defendants, with the view to influence the second prosecution. The defendants, therefore, could not be properly held responsible for the second information. The verdict, therefore, should have been for the defendants in this case.

There was no evidence tending to show any misrepresentation on the part of the defendants. Whatever they stated, they stated truthfully, to an officer to whom it was their duty to communicate all facts with reference to supposed crimes. I wish to add that the plaintiff's case, all through the trial, notwithstanding the ingenuity and ability with which it was presented by his counsel, was under a cloud, from the circumstances attending the sale by him of a ticket to a person who was to personate the original purchaser of the ticket, and pass under another person's name. Courts cannot favor such transactions. A new trial is therefore granted.